## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | | |
|---|---|---|
| ANNE MARIE COLEMAN, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| vs. | § | **Civil Action No.** 6:23-cv-00784 |
| | § | |
| BZ TRUCKING LLC, and ZACHARY C. BECKLEY, | § | |
| | § | |
| | § | |
| *Defendants.* | § | |

### PLAINTIFF'S ORIGINAL COMPLAINT

COME NOW, Plaintiff Anne Marie Coleman ("Coleman" or "Plaintiff") and bring this action against Defendants BZ Trucking LLC ("BZ Trucking"), and Zachary C. Beckley ("Beckley") (hereinafter collectively referred to as "Defendants") and alleges as follows:

### I. PARTIES

1.      Plaintiff Anne Marie Coleman is a natural person residing in Walnut Springs, Texas.

2.      Defendant BZ Trucking LLC is an Iowa limited liability company with its principal place of business located at 18595 Bellevue Cascade Road, La Motte, Iowa 52054. BZ Trucking may be served with a citation and a copy of this Complaint via its registered agent, Zachary Curtis Beckley at 18595 Bellevue Cascade Road, La Motte, Iowa 52054, or its attorney John C. Krawczyk, Fee, Smith & Sharp, LLP, at 13155 Noel Rd #1000, Dallas, Texas 75240.

3.      Defendant Zachary Curtis Beckley is a natural person who may be served at his residence located at 18595 Bellevue Cascade Road, La Motte, Iowa, or wherever he may be found.

## II.  JURISDICTION AND VENUE

4.      The incident giving rise to Plaintiff's claims occurred in Somervell County, Texas.

5.      Venue in this district is proper under 28 U.S.C. § 1391(a)(2) because a substantial part of the events or omissions giving rise to this claim occurred in the Western District of Texas, Waco Division.

6.      This Court has subject matter jurisdiction over this lawsuit under 28 U.S.C. § 1332 because diversity of citizenship exists between Plaintiff and Defendants because Plaintiff is a citizen of the State of Texas and Defendants are foreign businesses that maintain their principal places of business outside of the State of Texas. Upon information and belief, the members of BZ Trucking LLC are citizens of Iowa.

7.      The amount in controversy exceeds, exclusive of interest and costs, the sum of Seventy-Five Thousand and No/100 Dollars ($75,000.00).

8.      Defendants are subject to the Texas long-arm statute by doing business in Texas and thereby purposefully availing themselves of the privileges, benefits and protections of Texas law.

9.      Defendants are subject to the Texas long-arm statute by committing torts where one or more elements of the tort or one or more of the tortious acts occurred in Texas.

## III.  FACTS

10.      Plaintiff's claims arise out of a horrible motor vehicle wreck that occurred on August 1, 2023, in Somervell County, Texas, which caused severe injuries to Plaintiff.

11.      On August 1, 2023, Beckley was employed by BZ Trucking. In the course and scope of his employment with BZ Trucking, Beckley was operating a 2007 Gray Kensworth truck, which was owned and maintained by BZ Trucking.

12.    At approximately 10:56 a.m. on August 1, 2023, Plaintiff's vehicle was traveling westbound on US Highway 67 in the left outside lane.

13.    Beckley was also traveling westbound on US Highway 67 in the left outside lane behind Plaintiff's vehicle.

14.    As Plaintiff approached the W. Bo Gibbs Boulevard intersection, Plaintiff changed lanes to the outside right lane and slowed down to take a right hand turn onto W. Bo Gibbs Boulevard. When Beckley started to pass Plaintiff, driving at an unsafe speed, Beckley lost control of his vehicle, moved into Plaintiff's lane, and struck Plaintiff's vehicle on the driver's side, spinning Plaintiff's vehicle. Beckley struck Plaintiff's vehicle at least an additional two times following the initial contact.

15.    Plaintiff sustained serious, life-altering injuries as a result of the crash, which caused her to be rushed from the scene by airlift to Harris Methodist Hospital where she remained in the ICU for three weeks.

16.    Plaintiff's immediate injuries sustained as a result of the crash include but are not limited to: broken neck and spine, broken clavicle, spinal bleed and artery tear, broken leg and ribs, and lacerations. Plaintiff sustained a concussion and was unconscious while in the hospital. Plaintiff has undergone surgery to repair the broken leg. Multiple surgeries are in the foreseeable future.

17.    Notably, BZ Trucking has a long and checkered history of using poorly maintained and unsafe vehicles, as well as unsafe driving practices, on Texas Highways, completely disregarding the safety of others.

## IV. CAUSES OF ACTION

**A.    NEGLIGENCE – BECKLEY**

17.    Plaintiff repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

18.    Beckley had a duty to operate the truck he was driving with ordinary care as a reasonably prudent person would do under the same or similar circumstances.

19.    Beckley breached that duty in at least the following particular acts and/or omissions:

- Failing to operate the truck as a reasonably prudent commercial operator using ordinary care would under the same or similar circumstances;

- Failing to maintain a proper lookout;

- Failing to obey local, state, and federal laws and/or ordinances pertaining to the operation of a motor vehicle; and

- Other acts of negligence that will be designated as discovery progresses.

20.    These acts and/or omissions were singularly and/or severally a proximate cause of the occurrence in question and the resulting injuries to Plaintiff.

**B.    NEGLIGENCE – BZ TRUCKING, LLC**

21.    Plaintiff repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

22.    BZ Trucking had a duty to provide its employees and citizens of the State of Texas with safe vehicles and trailers.

23.     BZ Trucking had a duty to ensure that their employees and/or drivers followed the standards for safe driving in any weather condition, as any reasonably prudent employer would do under the same or similar circumstances.

24.     BZ Trucking breached that duty in at least the following particular acts and/or omissions:

- Failing to properly hire, screen and retain qualified and competent truck drivers, including Defendant Beckley;

- Failing to have appropriate policies, procedures and/or standards for the safe operation of its vehicles;

- Failing to obey local, state, and federal laws and/or ordinances pertaining to the maintenance and safety of a motor vehicle; and

- Other acts of negligence that will be designated as discovery progresses.

25.     These acts and/or omissions were singularly and/or severally a proximate cause of the occurrence in question and the resulting injuries to Plaintiff.

## C.     VICARIOUS LIABILITY – BZ TRUCKING, LLC

26.     Plaintiff repeats and reallege the allegations of the preceding paragraphs as if fully set forth herein.

27.     BZ Trucking is legally responsible for the acts and/or omissions of its agents, employees, statutory employees, and representatives under the doctrines of agency (apparent agency, ostensible agency, and agency by estoppel), vicarious liability, borrowed servant, and *respondeat superior*.   At all times, Beckley was acting within the course and scope of his employment, statutory employment, and/or agency, with the authority of and under the control of

BZ Trucking.  Accordingly, BZ Trucking is vicariously liable for Beckley's conduct as he was at all times BZ Trucking's agent.

**D.    GROSS NEGLIGENCE – ALL DEFENDANTS**

28.    Plaintiff repeats and reallege the allegations of the preceding paragraphs as if fully set forth herein.

29.    The acts and/or omissions of Defendants, when viewed objectively from the standpoint of Defendants at the time of the occurrences, involved an extreme risk, considering the probability, magnitude and potential harm to others; and of which Defendants had actual, subjective awareness of the risks involved, but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of the general public, including Plaintiff.  This grossly negligent conduct was a proximate cause of the occurrence in question and the resulting severe injuries of Plaintiff.

## V. DAMAGES

30.    Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

31.    As a direct and proximate result of the occurrences made the basis of this lawsuit, Plaintiff seeks the following elements of damages which exceed the minimum jurisdictional limits of this Court under Texas law, including:

(a)    physical pain suffered in the past;

(b)    physical pain which she will, in reasonable probability, sustain in the future;

(c)    disfigurement suffered in the past;

(d)    disfigurement suffered in the future;

(e)    mental anguish suffered in the past;

(f)    mental anguish which she will, in reasonable probability, sustain in the future;

(g)    loss of earning capacity sustained in the past;

(h)    loss of earning capacity which, in reasonable probability, Plaintiff will suffer in the future;

(i)    physical impairment suffered in the past;

(j)    physical impairment which she will, in reasonable probability, sustain in the future;

(k)    the reasonable expenses for necessary medical and hospital care which she has received for treatment of his injuries; and

(l)    the reasonable expenses for necessary medical and hospital care which she will, in reasonable probability, require for future treatment of his injuries.

## VI.  EXEMPLARY DAMAGES

32.    The acts and/or omissions of all Defendants as set out above constitute an entire want of care so as to indicate that the acts and/or omissions in question were the result of conscious indifference to the rights, welfare, and safety of other motorists including Plaintiff, or that they constitute gross negligence, as that term is defined by law, so as to give rise to an award of exemplary damages. The acts and/or omissions of all Defendants, which when viewed objectively from the standpoint of the Defendants at the time of the occurrences, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others; of which Defendants had actual, subjective awareness of the risk involved but, nevertheless proceeded with conscious indifference to the rights, welfare and safety of others. The acts and/or omissions of the Defendants, as set out above, constitute gross negligence, as that term is defined by law, so as to give rise to an award of exemplary damages against the Defendants.  The Court should assess exemplary damages against Defendants in an amount that will punish Defendants and deter others from engaging in similar grossly negligent conduct.

33.    Defendants' conduct caused injuries to Plaintiff.  At the time of the events giving rise to the claims herein Defendants, with respect to the nature of their conduct or to circumstances surrounding their conduct, were aware of the nature of their conduct or that the circumstances existed. With respect to the result of Defendants' conduct as set forth herein, Defendants were aware that their conduct was reasonably certain to cause the injuries of which complaint is made herein.

## VII.  JURY DEMAND

34.    Plaintiff demands a trial by jury and have paid the appropriate fee.

## VIII.  PRAYER

35.    Plaintiff prays that Defendants be summoned to appear and answer herein and that upon a full and final hearing of this case, Plaintiff have judgement of and from Defendants as follows:

i.     All actual and special damages, both past and future, as prayed for herein;

ii.    Exemplary damages;

iii.   Plaintiff's court costs;

iv.    Pre-judgment interest at the highest legal rate allowed by law and for the longest period of time allowed by law on all elements of damages claimed herein;

v.     Post-judgment interest at the highest legal rate allowed by law on the amount of the judgment entered by the Court from the date of judgment until collected; and

vi.    Such other further relief, both general and specific, at law or in equity, to which Plaintiff is entitled.

Date: November 15, 2023.                    Respectfully submitted,

                                            */s/ Austin P. Smith*_____

Bruce W. Steckler
Texas Bar No. 00785039
Austin P. Smith
Texas Bar No. 24102506
**STECKLER WAYNE & LOVE PLLC**
12720 Hillcrest Rd., Suite 1045
Dallas, Texas 75230
Telephone: (972) 387-4040
Facsimile: (972) 387-4041
bruce@swclaw.com
austin@swclaw.com

Mark D. Siegmund
Texas Bar No. 24117055
**CHERRY JOHNSON SIEGMUND JAMES LLC**
The Roosevelt Tower
400 Austin Avenue, 9th Floor
Waco, Texas 76701
(254) 732-2242
msiegmund@cjsjlaw.com